UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GASKINS E. THOMAS, JR.,

          Plaintiff,

v.

STATE OF WASHINGTON,

          Defendant.

CASE NO. 2:17-cv-617-BAT

**ORDER DENYING MOTIONS (DKTS. 15 AND 16) AND REQUEST (DKT. 18)**

    Plaintiff Gaskins E. Thomas, proceeding *pro se*, filed motions to permit retained counsel to file discovery motions (Dkt. 15) and to have the amended complaint "aberrated" (Dkt. 16). The Court requested Plaintiff to advise if he has retained counsel and to describe the scope of counsel's representation. Plaintiff was also asked to clarify what he meant by the term "aberate." Dkt. 17. In response, Plaintiff filed a letter requesting "theablideration of the amended complaint so that it can't come back to hunt me in the long run." Dkt. 18. He also asked for a lawyer to represent him as he has not been able to retain counsel. *Id.*

    Plaintiff's requests regarding the "aberration" or "ablideration" of the amended complaint are denied as moot. As Plaintiff was previously advised, the amended complaint was stricken at the request of Plaintiff on June 2, 2017 (Dkt. 10) and this case is proceeding under plaintiff's original complaint (Dkt. 1) only.

1 | Plaintiff's request for the appointment of counsel is also denied. Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff has not been determined to be indigent or granted leave to proceed *in forma pauperis* and paid to have his complaint filed. *See* Dkt. 1, Receipt # SEA084149. In addition, the Court finds no exceptional circumstances existing at this time that would warrant the appointment of counsel at the government's expense. Plaintiff filed his complaint and thus far has articulated his claims well, the issues are not complex, and there has been no showing as to the likelihood of success on the merits at this time. Accordingly, it is **ORDERED:**

(1) Plaintiff's motion/request for have the amended complaint aberrated (Dkt. 16) and abliderated (Dkt. 18) are **DENIED as moot**. If it is Plaintiff's intent to dismiss the complaint he filed in this case, he should advise the Court and defendant by **November 1, 2017**.

(2) Plaintiff's motion/request for the appointment of counsel (Dkt. 15) and (Dkt. 18) are **DENIED**.

(3) The Clerk shall send a copy of this Order to the parties.

DATED this 20th day of October, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge