UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GASKINS E. THOMAS, JR.,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

Case No. 2:17-cv-617-BAT

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant State of Washington moves to dismiss this 42 U.S.C. § 1983 civil rights action pursuant to Fed. R. Civ. P. 56 on the grounds that Plaintiff Gaskins E. Thomas, Jr. has presented no admissible evidence to support a civil rights complaint against it and because the State of Washington is not subject to liability under § 1983. Dkt. 21. Mr. Thomas, who is proceeding *pro se*, asked to orally respond to the motion. Dkt. 23. That request was denied. The Court advised Mr. Thomas that the motion would be decided on the parties' written submissions. The Court also advised Mr. Thomas what he must do to oppose a motion for summary judgment. Dkt. 24. Mr. Thomas was advised to set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. *Id.* at 2. He was further advised that if he did not submit his own evidence in opposition, summary judgment, if appropriate, would be entered against him, his case would be dismissed, and there would be no trial. *Id.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

On December 20, 2017, Mr. Thomas filed a response, stating only: "I shall accept the summary judgment from the court." Dkt. 25. Because the State of Washington is immune from suit under the Eleventh Amendment and is not a "person" for purposes of § 1983 and further, because Mr. Thomas has provided no probative evidence to support the allegations of his complaint or to contradict Defendant's factual assertions, the Court finds that the State of Washington is entitled to summary judgment.

## FACTUAL BACKGROUND

In April 2017, Mr. Thomas filed his civil rights lawsuit alleging a "premeditated civil right violation" by the State of Washington. Dkt. 1 at 2. He alleges that in the "Summer or Spring of 2014 at a state funded medical event at the Key Arena I was implanted with a bio chip on the 32 tooth as I had it removed aginst [sic] my will." *Id.* Mr. Thomas seeks $50 million and "51% copy rights of the bio chip" and removal of the chip. *Id.* at 4.

According to counsel for the State of Washington, the Office of the Attorney General conducted a thorough investigation and found no evidence that the State of Washington was involved in the events that took place at Key Arena during the timeframe alleged in Mr. Thomas' complaint. Dkt. 22, Declaration of Alexander Foster Brown. Based on an October 23, 2014 Seattle Times Newspaper article, the only event held during the timeframe alleged in Mr. Thomas' complaint was a four day event held by the City of Seattle and King County. *Id.*, Exhibit 2. According to the newspaper account, over 500 volunteer doctors, dentists, nurses, optometrists, and other health-care professionals worked at the event. *Id.* There is no evidence that any state agencies or state actors were present at the event.

On September 8, 2017, the State of Washington served discovery requests on Mr. Thomas. Dkt. 22, Foster Brown Decl., Exhibit 1. Mr. Thomas did not answer the discovery requests. *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Courts apply a burden-shifting analysis in determining whether to grant or deny a motion for summary judgment. Where the non-moving party—Mr. Thomas— bears the burden of proving the claim at trial, the moving party—the State of Washington—can meet its initial burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (1) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24; Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial burden, the burden then shifts to the opposing party to produce sufficient evidence to establish that a genuine dispute as to a material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

**DISCUSSION**

To sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Thus, a plaintiff may only maintain an action under section 1983 for violations of constitutional rights performed by "person[s] acting under color of state law." *See* 42 U.S.C. § 1983.

Mr. Thomas' cause of action for monetary and injunctive relief for violation of his constitutional rights can only be brought *via* 42 U.S.C. § 1983. *See Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir.1992); *see also Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir.2003) (claims for declaratory and injunctive relief against application of state law on constitutional grounds, even though not expressly pleaded under § 1983, are required to be brought under that provision).

Mr. Thomas has brought his constitutional claim against only one defendant – the State of Washington. However, Mr. Thomas has provided no evidence tending to support his allegation that the State of Washington or any of its agencies or employees implanted a chip in his tooth. In fact, there is no evidence that a chip was actually implanted in his tooth. Furthermore, under the Eleventh Amendment to the United States Constitution, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). A state agency, as an arm of the state, is also immune from suit in federal court under the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett*, 496 U.S. at 365. States, state agencies, and state officials sued in their official capacity are not persons under § 1983. *Will*, 491 U.S. at 66; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir.2004). 42 U.S.C. § 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989).

Because the State of Washington is immune from suit under the Eleventh Amendment and is not a "person" for purposes of § 1983, Mr. Thomas' claim is barred as a matter of law. There is also no probative evidence to support Mr. Thomas' allegations or to contradict Defendant's factual assertions.

## CONCLUSION

The Court **GRANTS** Defendant's motion for summary judgment (Dkt. 21). Plaintiff's complaint against the State of Washington is **DISMISSED with prejudice**. The Clerk shall provide a copy of this Order to Plaintiff and to counsel for Defendant.

DATED this 2nd day of January, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge